Aubrey E. ROBINSON, Jr., and Jo V. Morgan, Jr., Receivers and Trustees, Appellants,

v.

Richard H. BECKLEY, Appellee.

No. 12850.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 13, 1956.

Decided March 8, 1956.

Mr. Jo V. Morgan, Jr., Washington, D. C., with whom Mr. Aubrey E. Robinson, Jr., Washington, D. C., was on the brief, for appellants.

Mr. Harry A. Grant, Washington, D. C., for appellee.

Before PRETTYMAN, WILBUR K. MILLER and WASHINGTON, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

The appellants, who are receivers and trustees, were ordered to sell certain realty. Their tenant, William B. Smith, was interested in acquiring the property because he did not want to be dispossessed. As he did not have sufficient funds, he induced the appellee, Richard H. Beckley, an uncle of his friend Ione Lane, to agree to furnish the money. Beckley suggested that title be taken in his name but, when Smith pointed out his advanced age, agreed that it be taken in the name of his niece.

Under this arrangement, Ione submitted to the appellants in her own name a written bid of $20,000. Having received another written bid of $23,500, the appellants submitted the larger offer to the court and an order *nisi* was entered. Some time prior to the return day fixed in the order, Smith and Beckley agreed to have Ione bid orally at the hearing and that Beckley would advance the money for the purchase, to be secured by a first deed of trust, payable at the rate of $400 per month, applicable first to interest and then to the reduction of principal. Pursuant to this arrangement, the three appeared in court on return day. Beckley told the others then, for the first time, that he would lend no more than $30,000. When oral bidding began, Ione made several bids which were authorized by signals from Beckley after he and Smith had conferred. Finally she made the high bid of $33,500 [1] and made a deposit of $500 from her own funds, but failed to pay the balance when, after confirmation, a deed was tendered to her by the trustees.

At a second sale, ordered to be held at the risk of the defaulting purchaser, the property brought a price so much lower that a deficiency of more than $11,000 resulted. In the present proceeding, the receivers and trustees alleged that in making the bid of $33,500, Ione Lane "was acting either in a joint venture with or as an agent, or so called 'straw', for * * * Richard H. Beckley and * * * William B. Smith, or one", and sought to recover the deficiency from them.

After hearing evidence, the trial judge made findings of fact upon which the foregoing recital is based. He concluded as a matter of law (a) that Ione, as agent for an undisclosed principal, is liable for the deficiency; (b) that she was acting for Smith, who as the real purchaser is also liable for the deficiency; (c) that Beckley was merely to lend the money for the purchase, that he was not a joint venturer, that Ione was not his agent when she bid $33,500, and that he is therefore not liable for the deficiency.

On their appeal, the receivers and trustees concede the correctness of the court's findings of fact, but challenge its conclusions of law. It seems clear that after Ione's written bid of $20,000 was rejected, a new and different agreement was made, by the terms of which Beckley was to have no share in the purchase but was to lend the money on a first deed of trust. That being true, the court's conclusions of law were correct.

Affirmed.

---

1. Whether this was done on a signal given or authorized by Beckley does not appear.